IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 99-175-1 |
| | ) |
| CHARLES STUBBS, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER of COURT

## SYNOPSIS

In this criminal matter, in 2000, a jury convicted Defendant of conspiracy, bank robbery, armed bank robbery, using a firearm during a crime of violence, and possession of a firearm by a convicted felon. The conviction was reversed on appeal, and Defendant was retried in 2003. He was again convicted on all counts, and sentenced to 563 months in prison. His conviction was affirmed on appeal, which was filed on or about February 2, 2004, and the United States Supreme Court denied certiorari.

Presently before the Court is Defendant's habeas corpus motion, filed pursuant to 28 U.S.C. § 2255. He argues that trial and appellate counsel were ineffective in several respects; that conflicts of interest existed between himself and counsel; and that he suffered a violation of the right to confront witnesses against him.

I have carefully considered each of Defendant's arguments. For the following

reasons, Defendant's Motion will be granted in part and denied in part, and no certificate of appealability shall issue.

OPINION

I. STANDARD OF REVIEW

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). With respect to a claim for ineffective assistance of counsel, a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 ( 1962). "It is well settled that conclusory allegations are insufficient to entitle a petitioner to relief under § 2255." Langston v. United States, 105 F. Supp. 2d 419, 425 (E. D. Pa. 2000).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus,

a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

Defendant has raised several contentions regarding his counsel's inefficacy. Briefly, he avers that appellate and trial counsel were ineffective in the following particulars: failing and refusing to deal properly with misrepresentations in an affidavit; failing to challenge a dual conviction and sentence; failing to challenge conviction and sentencing under unconstitutional or otherwise inapplicable statutes; failing to properly deal with an out-of-court statement that violated his confrontation rights; and failing to properly deal with conflicts of interest.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that his counsel was ineffective, a defendant must demonstrate both that counsel's performance fell below "the wide range of professionally competent assistance" and that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. In order to show prejudice, a defendant

must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Counsel is not ineffective for failing to raise meritless claims. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).  Moreover, although Strickland employs a two-prong test, it is unnecessary address both prongs of the inquiry if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 694.

As regards appellate counsel, it is sufficient for her to have raised those claims which she reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id.

> Our Court of Appeals has addressed the appropriate inquiry as follows:
>> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).

A. MISREPRESENTATIONS IN AFFIDAVIT

I first address Defendant's charge of ineffectiveness for failing to address

4

various alleged misrepresentations in the affidavit supporting the criminal complaint in this matter. Essentially, Defendant asserts that counsel should have sought a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978), challenging the veracity of the affidavit presented to the Magistrate Judge in support of the criminal complaint against Defendant. Franks, however, has not been applied to such affidavits; it has been applied, instead, to affidavits of probable cause supporting search warrants, under Fourth Amendment principles. Mattox v. Davis, No. 1:05-cv-173, 2005 U.S. Dist. LEXIS 24665, at *3 (W. D. Mich. Oct. 18, 2005).

Even if Franks were applicable here, the evidence cited to does not, as Defendant urges, necessarily demonstrate that the affiant was untruthful; instead, there are other possible interpretations of the evidence. The alleged misrepresentations, and proof thereof, are not necessarily inconsistent with each other. For example, it is not inconsistent to claim that one has a "description of the bank robbers," and have received information limited to only the bank robbers' race. A person's race is, in fact, descriptive. Similarly, Defendant alleges several misrepresentations based solely on his own statements to the contrary. Under the circumstances, it was not unreasonable for counsel to take the approach that it would be "the [Government] agent's word against [Defendant's] word." Counsel's conduct in this regard did not fall beyond the wide range of reasonable professional assistance.

Additionally, it is not at all apparent whether, or how, the alleged

misrepresentations in the criminal complaint would have affected the magistrate's probable cause determination. This is particularly true in light of the low standard by which probable cause is measured in this context. See, e.g., Wychunas v. O'Toole, 252 F. Supp. 2d 135, 143 (M.D. Pa. 2003). I cannot find that counsel acted unreasonably in failing to raise this issue, or that any prejudice resulted from his actions, and Defendant therefore cannot maintain an ineffectiveness claim on these grounds.[1]

B. FAILING TO CHALLENGE DUAL CONVICTIONS

The Government concedes that Defendant properly raises the imposition of concurrent sentences for lesser included offenses, as such a sentence violates Double Jeopardy. Bank robbery, 18 U.S.C. § 2113(a), is a lesser included offense of armed bank robbery, 18 U.S.C. § 2113(d). In this matter, Defendant was sentenced to 240 months and 262 months, respectively and concurrently, for these crimes. Faced with a similar situation in United States v. Beckett, 208 F.3d 140, 149 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit vacated the sentence for the lesser included offense, and permitted the other to stand. I will do the same, and will vacate the sentence for the lesser included offense of bank robbery, and leave standing the sentence for armed bank robbery.

C.  FAILURE TO CHALLENGE APPLICATION OF 18 U.S.C. § 924(C)(1)

---

[1] Defendant points to this Court's alleged misinterpretation of Rovario v. United States, 353 U.S. 53; 77 S. Ct. 623; 1 L. Ed. 2d 639 (1957), but does not develop that argument.   Rovario discusses certain exceptions to the privilege to withhold the identity of a confidential informant, and the application of the privilege in various situations; it is not clear how those exceptions are implicated in this matter.

6

Next, I address Defendant's argument that 18 U.S.C. § 924(c)(1), and in particular the language added thereto by 1988 amendment, violates the Double Jeopardy clause. The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. However, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). Moreover, "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Id.

Although it is unclear precisely how Defendant claims that the statute was misapplied in his case, he appears to argue that he cannot have been sentenced for violating both 18 U.S.C. § 924(c)(1) and § 922(g)(1). These two statutes, however, require proof of different facts. For example, Section 922(g)(1) requires proof of a prior conviction; Section 924(c)(1) does not. Unlike Section 922(g)(1), Section 924(c)(1) requires proof of elements relating to a firearm in connection with another crime. Clearly, the provisions at issue identify two separate offenses. Conviction and punishment under both did not violate Double Jeopardy. See, e.g., United States v. Hoffman, 148 Fed. Appx. 122, 128-29 (3d Cir. 2005). I find that counsel was not ineffective for failing to raise this objection at the time of trial.

D. <u>FAILURE TO CHALLENGE CRIMINAL HISTORY</u>

Defendant argues that counsel was ineffective, because he failed to object to the Presentence Investigation on grounds that his prior convictions did not qualify under 18 U.S.C. § 924(e). In particular, he argues that his conviction for possession with intent to distribute heroin was not a "serious drug offense." That offense, however, is punishable by more than ten years imprisonment, and therefore qualifies as a serious drug offense. 35 P.S. 780-113(a)(30), (f)(1). That his actual sentence in state court was less than ten years is not relevant to the inquiry. Counsel was not, therefore, ineffective for failing to raise this issue before the Court.

E. <u>FAILURE TO ADDRESS CONFLICTS OF INTEREST</u>

I next address Defendant's various arguments centering on alleged conflicts of interest.

In doing so, I first note that Defendant attributes several failures of counsel to an underlying animosity between him and counsel. Specifically, Defendant argues that because he and his attorney exchanged harsh words, the attorney acted in his own interests and did not advocate for Defendant. In that vein, Defendant suggests that counsel pre-determined to "sell him out," and therefore improperly introduced into evidence an out-of-court statement that was not supposed to be introduced. I assume that Defendant refers to the confidential informant statement regarding a prospective bank robbery by co-defendants Baynes and Brown; the statement does not refer to Defendant.

Eliciting this statement was reasonable in the context of the overall facts, and the defense that Defendant was not present at the robbery. Eliciting evidence that excludes Defendant from participation in the robbery cannot unquestionably be deemed unsound trial strategy. Moreover, after the defense presented the evidence in question, the Government's reference to the evidence, in closing argument, was not improper. Closing arguments may, of course, permissibly refer to facts admitted into evidence during trial. Therefore, it was reasonable for Defendant's trial counsel to withhold objection during the Government's closing. Defendant has not overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy.

Moreover, Defendant has not demonstrated a reasonable probability that the outcome of his trial would have been different had the statement remained undisclosed. A review of all pertinent papers reveals that a significant amount of evidence was amassed against Defendant; it is as likely as not that the jury could have deemed the brief mention of the informant statement favorable to Defendant, as unfavorable. With respect to trial counsel's treatment of the out-of-court statement, therefore, neither prong of <u>Strickland</u> has been met.

Further, the record contains absolutely no reason to conclude that counsel acted solely in his own personal interests, or intentionally acted against those of Defendant, in order to cover his own misconduct. Primarily, this allegation centers around trial counsel's failure to pursue Defendant's <u>pro se</u> motions. Despite Defendant's cursory statements to the contrary, I fail to see why counsel would have

9

had to admit to ethical violations or malpractice in order to properly advocate for Defendant, as in Lopez v. Scully, 58 F. 3d 38 (2d Cir. 1995).[2] The proffered reasons for counsel's actions, as described by Defendant in his own words and via exhibits attached to his moving papers, are sufficient. For example, via letter, counsel provided careful explanations, including legal authority, regarding his disagreement with the motions. His actions in that regard do not demonstrate inappropriate self-interest to his client's detriment, and do not fall below the wide range of professionally competent assistance.

Defendant also, however, alleges a more conventional type of conflict of interest, in that his appellate counsel and co-defendant Brown's trial counsel were both employed by the same public defender's office. Ineffective assistance of counsel claims in the conflict of interest context are governed by the standard articulated in Cuyler v. Sullivan, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980). Under Cuyler, prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and "that an actual conflict of interest adversely affected his lawyer's performance." Id. at 350. "[T]he possibility of conflict is insufficient to impugn a criminal conviction." Id. at 348; see also Government of Virgin Islands v. Zepp, 748 F.2d 125, 136 (3d Cir. 1984).

Defendant's allegation that a different public defender, who worked in the

---

[2]In connection with this argument, I note that "counsel's decision not to abide by the wishes of his client has no necessary bearing on the question of professional competence.... "[C]ounsel's decision not to abide by the wishes of his client has no necessary bearing on the question of professional competence; indeed, in some instances, listening to the client rather than to the dictates of professional judgment may itself constitute incompetence." United States v. McGill, 11 F.3d 223, 227 (1st Cir. 1993).

same office as Defendant's appellate counsel, represented his co-defendant in the initial prosecution is insufficient to establish an actual conflict. See United States v. McCullah, 76 F.3d 1087, 1098-99 (10th Cir.).  Further, Defendant's argument that an actual conflict existed is meritless; if his co-defendant was urged to be a witness against him, as Defendant avers, he does not assert that the threat materialized. See United States v. McCullah, 76 F.3d 1087, 1099 (10th Cir, 1995).  Moreover, it is not apparent that the allegedly conflicting representation was simultaneous or otherwise chronologically significant, and there is absolutely no other evidence that appellate counsel's professional connection with her colleague influenced her actions.  In addition, as discussed below, appellate counsel was not ineffective in her substantive representation of Defendant.  Any potential deficiency with respect to a conflict, therefore, did not prejudice Defendant.

A conflict of interest, whether between appellate counsel and co-defendant's counsel, or between Defendant and his own attorney, did not lead to a deprivation of Defendant's constitutional rights.

F. APPELLATE COUNSEL

Finally, Defendant argues that his appellate counsel was ineffective, for various reasons.

Defendant first argues that  he was precluded from raising an argument based on Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), which was handed down on March 8, 2004, during the pendency of his direct appeal. Crawford held that the Confrontation Clause of the Sixth Amendment bars the

"admission of testimonial statements of a witness who did not appear at trial unless he was available to testify, and the defendant had a prior opportunity for cross-examination." Id. at 53-54. Our Court of Appeals denied a pro se Motion seeking leave to assert this argument, and did not rule on a motion seeking new appellate counsel; and according to Defendant, appellate counsel refused to attempt to raise the Crawford argument.[3]

The Government correctly points out that Crawford is not retroactively applied to cases on collateral review. See Wharton v. Bocking, __ U.S. __, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007). A defendant, however, may rely on a Supreme Court case decided during the time that his case is pending on direct review, if that case announces a new rule. Schriro v. Summerlin, 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). The Supreme Court decided Crawford while Defendant's direct appeal was pending, and the case announced a new rule. United States v. Sandles, 469 F.3d 508, 516 (6th Cir. 2006). Therefore, contrary to the Government's suggestion, Crawford might have been applicable to Defendant's case.

Defendant contends that appellate counsel should have attacked defense counsel's introduction of the confidential informant's statement, based on Crawford and Defendant's confrontation rights. The Sixth Amendment protects the right of a criminal Defendant "to be confronted with the witnesses against him." U.S. Const., Am. VI. A central concern of the Confrontation Clause is to ensure the reliability of

---

[3] The Court of Appeals, on October 16, 2004, also denied a certificate of appealability, on grounds that Defendant was represented by counsel on direct appeal and did not allege that counsel was ineffective.

evidence against a criminal defendant.  Maryland v. Craig, 497 U.S. 836, 110 S. Ct. 3157, 111 L. Ed 2d 666 (1990).  Defense counsel, in this case, made the initial reference to the out-of-court statement; the evidence was not elicited against Defendant by the prosecution, but instead in support of Defendant, by his own advocate.[4]  Moreover, as discussed supra, the Government was entitled to refer to the evidence in closing.[5]  Counsel did not err, under applicable standards, in failing to intercede in Defendant's pending appeal – whether on her own initiative or with respect to Defendant's pro se motions –  in order to raise Crawford.

Finally, Defendant claims that appellate counsel was ineffective for failing to raise trial counsel's various shortcomings, on the grounds now argued in his 2255 Motion.  However, "claims of ineffective assistance of counsel are ordinarily not cognizable on direct appeal." United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998).  Similarly, he claims that the appellate issues raised on his behalf, to the exclusion of the stronger arguments that he now asserts, were frivolous.  First, I have already determined that Defendant's present arguments cannot succeed; accordingly, Defendant has not demonstrated prejudice for failure to raise them on appeal.  Moreover, there is no reason to determine that the arguments raised on appeal were unreasonable, either legally or tactically.  The mere fact that the Court of

---

[4]As discussed earlier in this Opinion, counsel's introduction of the informant statement did not constitute ineffective assistance of counsel.  As with trial counsel, too, appellate counsel's failure in this regard did not result in clear prejudice to Defendant.

[5]To the extent that Defendant intends his Crawford argument to apply to his probable cause hearing, I note that the case has generally not been extended to non-trial proceedings. Washburn v. united States, 2006 U.S. Dist. LEXIS 90481 (2006).

Appeals rejected the contentions does not render them frivolous. I cannot find appellate counsel's conduct constitutionally ineffective under applicable standards.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, with the exception of Defendant's sentencing for the lesser included offense of bank robbery, Defendant has not shown that this proceeding was infected by a fundamental defect or omission that inherently resulted in a miscarriage of justice, or that was inconsistent with the rudimentary demands of fair procedure. He has failed to overcome the presumption that trial and appellate counsel's assistance was constitutionally deficient, in any respect alleged. No certificate of appealability shall issue.

An appropriate Order follows.

*******************

## ORDER OF COURT

AND NOW, this **24th** day of April, 2007, it is hereby ORDERED that Defendant's

Motion (Docket No. [262] is GRANTED in part and DENIED in part, as stated in the above Opinion. The sentence imposed on Defendant for violating 18 U.S.C. § 2113(a) is hereby vacated, and the Judgment Order is so amended. No certificate of appealability shall issue.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge